IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) ) | CIVIL ACTION NO. 17-6803 |
| v. | ) ) ) | C O M P L A I N T |
| LHC OPERATING LLC D/B/A LAKESHORE SPORT AND FITNESS, | ) ) ) ) | JURY TRIAL DEMAND |
| Defendant. | ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the bases of sex (female) and retaliation, and to provide appropriate relief to Shelita Bridges ("Bridges") and a class of female employees, including Shayleaf Alsberry ("Alsberry"), who were adversely affected by such practices. As alleged with greater particularity in paragraphs 11 and 12 below, Defendant LHC Operating LLC d/b/a Lakeshore Sport and Fitness ("Defendant" or "Lakeshore") discriminated against Bridges and a class of female employees, including Alsberry, who worked in Defendant's restaurants at its Fullerton location, by subjecting them to sexual harassment and by failing to act reasonably to prevent or remedy the harassment.

The Commission further alleges that Defendant terminated Bridges's employment in retaliation for her complaints about the sex harassment and for her protected opposition to the unlawful employment practices, in violation of Title VII.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a LLC doing business in the State of Illinois and the City of Chicago, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Shelita Bridges filed a charge with the Commission alleging violations of Title VII by Defendant Lakeshore.

7. On April 5, 2017, the Commission found reasonable cause to determine that Lakeshore violated Title VII by discriminating against a class of individuals, including Charging

Party Bridges, because of their sex, female, by subjecting them to sexual harassment. The Commission also found reasonable cause to believe that Lakeshore violated Title VII by retaliating against Bridges for engaging in protected activity. The Commission invited Lakeshore to engage with the Commission in informal conciliation efforts to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. The Commission engaged in communications with Lakeshore to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9. By letter dated August 7, 2017, the Commission informed Lakeshore that it was unable to secure a conciliation agreement acceptable to the Commission.

10. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

11. Since at least December 2014, Defendant has engaged in unlawful employment practices at the restaurants in its Fullerton location, in violation of Section 703 of Title VII, 42 U.S.C. § 2000(e)-(2)(a)(1).

(a) These practices included, but are not limited to, sexually harassing Bridges and a class of female employees by subjecting them to a hostile work environment based on their sex that included unwelcome and offensive sexual comments, propositions, and touching.

(b) Lakeshore knew about the harassment and failed to prevent and/or remedy it. Although Lakeshore was on notice, Lakeshore did not take disciplinary action against the harasser and the harassment continued even after Lakeshore received complaints. Lakeshore also failed to train its employees about its policies against sexual harassment or how to complain of sexual harassment.

12. In November 2015, Lakeshore engaged in unlawful employment practices, in violation of Section 704 of Title VII, 42 U.S.C. § 2000(e)-3(a), by terminating Bridges's employment for engaging in protected opposition to unlawful employment practices. Prior to her termination, Bridges had complained to Lakeshore management and to Human Resources about the sexual harassment. Lakeshore subsequently terminated Bridges, while retaining other workers with similar or worse performance who had not engaged in protected activity. Bridges received no notice that she was being considered for termination other than a threat from the harasser.

13. The effect of the practices complained of in paragraphs 11 and 12 above has been to deprive Bridges and a class of similarly situated female restaurant employees of equal employment opportunities and otherwise adversely affect their status as employees because of their sex (female) and Bridges's status as an employee because of her protected activity.

14. The unlawful employment practices complained of in paragraphs 11 and 12 above were intentional.

15. The unlawful employment practices complained of in paragraphs 11 and 12 above were done with malice or with reckless indifference to the federally protected rights of Bridges and a class of female employees.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in any employment practices which discriminate on the basis of sex.

B. Grant a permanent injunction enjoining Defendant, its officers, agents, servants,

employees, attorneys, and all persons in active concert or participation with it, from retaliating against employees who oppose practices made unlawful by Title VII.

    C.    Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for its employees regardless of sex and those who engage in protected opposition under Title VII, and which eradicate the effects of its past and present unlawful employment practices.

    D.    Order Defendant to make whole Shelita Bridges, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay in lieu of reinstatement.

    E.    Order Defendant to make whole Bridges and a class of female employees by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 11 and 12 above, in amounts to be determined at trial.

    F.    Order Defendant to make whole Bridges and a class of female employees by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 11 and 12 above, including, but not limited to, emotional pain, suffering, humiliation, and inconvenience, in amounts to be determined at trial.

    G.    Order Defendant to pay Bridges and a class of female employees punitive damages for its malicious and reckless conduct, as described in paragraphs 11 and 12 above, in amounts to be determined at trial.

    H.    Grant such further relief as the Court deems necessary and proper in the public interest.

I.       Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

U.S. Equal Employment Opportunity Commission
131 M. Street, N.E.
Washington, D.C. 20507

GREGORY M. GOCHANOUR
Regional Attorney

DEBORAH HAMILTON
Supervisory Trial Attorney

s/ Laura R. Feldman
Trial Attorney
U.S. Equal Employment Opportunity Commission
Chicago District Office
500 West Madison Street, Suite 2000
Chicago, Illinois 60661
(312) 869-8108
Laura.Feldman@eeoc.gov
ARDC # 6296356