IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 17-6803 |
| v. | ) ) ) | Judge Sarah Ellis Magistrate Judge Gilbert |
| LHC OPERATING LLC D/B/A LAKESHORE SPORT AND FITNESS, | ) ) | |

## JOINT INITIAL STATUS REPORT

I. **The Nature of the Case:**

A. Plaintiff EEOC

Laura Feldman (Lead Trial Attorney)
(312) 869-8108
Laura.feldman@eeoc.gov

Jeanne Szromba
(312) 869-8122
Jeanne.szromba@eeoc.gov

Defendant Lakeshore Sport and Fitness ("Lakeshore")

Colin Dougherty (Lead Trial Attorney)
(610) 397-3908
cdougherty@foxrothschild.com

Joseph E. Collins
(312) 517-9200
jcollins@foxrothschild.com

Marc Craig Smith
(312) 517-9238
mcsmith@foxrothschild.com

B. EEOC alleges that Defendant Lakeshore Sport and Fitness ("Lakeshore") discriminated against Charging Party Bridges and a class of female employees, including Alsberry, who worked in Defendant's restaurants at its Fullerton

Page 1

location, by subjecting them to sexual harassment and by failing to act reasonably to prevent or remedy the harassment. EEOC further alleges that Defendant terminated Bridges' employment in retaliation for her complaints about the sex harassment and for her protected opposition to the unlawful employment practices, in violation of Title VII. Defendant has denied the material allegations of the Complaint.

C. Factual and Legal Issues:

    a. Whether Lakeshore subjected Bridges and Alsberry to sexual harassment;
    b. Whether Bridges was a subordinate of Robin Sweet;
    c. Whether Lakeshore subjected a class of female employees to sexual harassment;
    d. Whether Lakeshore retaliated against Bridges for complaining about sexual harassment or for opposing sexual harassment;
    e. Whether the sexual harassment to which the claimants allege they were subjected was severe or pervasive;
    f. Whether Lakeshore had notice of the sexual harassment;
    g. Whether Lakeshore took prompt and effective measures to stop the harassment.

D. EEOC seeks back pay relief for Bridges, and compensatory and punitive damages for Bridges and Alsberry and all other claimants who were subjected to sexual harassment, as well as injunctive relief.

2. Jurisdiction

The case is brought under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991.

3. The defendant has been served.

4. The parties consent to proceed before a Magistrate Judge.

5. A. There are no motions pending.

   B. Defendant will file an Answer.

6. Case Plan

A. The parties have discussed the mandatory discovery responses required by the MIDP.

B. Proposed Discovery Plan:

(1) The parties anticipate requiring deposition and written discovery. The parties do not anticipate requiring expert discovery at this time.

(2) N/A

(3) First date by which to issue written discovery: January 2, 2018.

(4) Fact discovery completion date: July 30, 2018

(5) Expert discovery completion date: N/A

(6) Final supplementation of the mandatory initial discovery responses: March 31, 2018.

(7) Date for filing dispositive motions: August 31, 2018.

(8) Parties may engage in electronic discovery. Electronically stored information derived from e-mail and other electronically created files (e.g. Microsoft Office files, WordPerfect) will be produced in either an e-Discovery format (TIFF, OCR, DAT & OPT Load files that are logically unitized) or in a native format (e.g., Word Documents (.DOC or DOCX), Excel Spreadsheets (.XLS or .XLSX), Email exports (.PST, .EML, .MSG), etc. Information from Database based systems (such as payroll and email systems) shall be produced in a near native format (comma delimited text Case 2:17-cv-01147-JPS Filed 09/22/17 Page 1 of 3 Document 10 export, .CSV, .db, etc.). Exports from databases will include header information (field names) for all produced fields and descriptions of each field name if not identifiable to requesting party.

(9) If a subpoena under Rule 45 commands the production of documents or electronically stored information or tangible things, or the inspection of premises before trial, then a notice and a copy of the subpoena must be served on each party three business days before it is served on the person to whom it is directed.

(10) Parties agree to accept service via electronic mail.

C. Trial

   (1) A jury trial is requested by Plaintiff EEOC.

   (2) The parties anticipate that a trial will last approximately 3-4 days.

7. Status of Settlement Discussions:

    A. The parties have not had any settlement discussions.

    B. N/A

    C. At this time, the parties do not request a settlement conference, but may be interested in pursuing this option after some discovery is completed.

                                    s/ Jeanne B. Szromba
                                    Trial Attorney
                                    U.S. Equal Employment Opportunity Commission
                                    Chicago District Office
                                    500 West Madison Street, Suite 2000
                                    Chicago, Illinois 60661
                                    (312) 869-8122
                                    jeanne.szromba@eeoc.gov
                                    ARDC # 6207846