## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) ) | Civil Action No. 17-6803 |
| v. | ) ) ) | Magistrate Judge Gilbert |
| LHC OPERATING LLC d/b/a LAKESHORE SPORT AND FITNESS, | ) ) ) | |
| Defendant. | ) | |

### CONSENT DECREE

### THE LITIGATION

1.      On September 20, 2017, Plaintiff Equal Employment Opportunity Commission ("EEOC") filed suit against Defendant LHC Operating LLC d/b/a Lakeshore Sport and Fitness ("Lakeshore") under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e, *et seq*. The EEOC alleged that Lakeshore violated Title VII by subjecting Charging Party Shelita Bridges and a class of female employees, including Shayleaf Alsberry and Shavonna Rockett, to sex harassment and by failing to act reasonably to prevent or remedy harassment. Additionally, the EEOC alleged that Lakeshore violated Title VII by terminating Ms. Bridges in retaliation for her complaints about sex harassment and for her protected opposition to the unlawful employment practices, in violation of Title VII.   Lakeshore filed an Answer denying the allegations of the complaint.

2.      In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiation, the parties have agreed that this action should be finally resolved by entry of this Consent Decree ("Decree").

Page 1

82007989.v4

3.  This Decree fully and finally resolves any and all issues and claims arising out of the Complaint filed by the EEOC in this action. Nothing in this Decree constitutes an admission by either party as to the claims or defenses of any other party.

## FINDINGS

4.  Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds the following:

   a.  This Court has jurisdiction of the subject matter of this action and the parties.

   b.  The terms of this Decree are adequate, fair, reasonable, equitable, and just. The rights of the EEOC, Lakeshore, Bridges, Alsberry, Rockett and the public are adequately protected by this Decree.

   c.  This Decree conforms to the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights or privileges of any person. Entry of this Decree will further the objectives of Title VII and will be in the best interests of the EEOC, Lakeshore, Bridges, and the public.

**NOW, THEREFORE,** upon the consent of the parties, **IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

## INJUNCTION AGAINST DISCRIMINATION

5.  Lakeshore, its successors and assigns, and all persons acting in concert with it are hereby enjoined from:

   a.  Engaging in any employment practice which discriminates on the basis of sex;

   b.  Engaging in sexual harassment of any employee and/or;

   c.  Creating, facilitating, or tolerating the existence of a work environment that is hostile to employees on the basis of sex.

Page 2

82007989.v4

## INJUNCTION AGAINST RETALIATION

6.     Lakeshore, its successors and assigns, and all persons acting in concert with it are enjoined from engaging in any form of retaliation against any person because such person has opposed any practice made unlawful under Title VII; filed a Charge of Discrimination under Title VII; testified or participated in any manner in any investigation, proceeding, or hearing under Title VII; or asserted any rights under this Decree.

## MONETARY RELIEF

7.     Within the latter of seven (7) days of the approval and entry of this Decree by the District Court or within seven (7) days after Lakeshore receives the Release, attached as **Exhibit A**, signed by Bridges, Alsberry, and Rockett, Lakeshore shall pay the gross sum of $45,000.00 as damages to Bridges, Alsberry, and Rocket, divided as follows: $42,000.00 for Bridges, $1,500.00 for Alsberry, and $1,500.00 for Rockett. Lakeshore shall issue an IRS Form 1099 to Bridges, Alsberry, and Rocket. Lakeshore shall send Bridge's, Alsberry's, and Rockett's payments by check via Certified or Registered Mail. Contemporaneously, Lakeshore shall submit a copy of the check(s) to EEOC.

8.     Lakeshore shall provide Bridges, Alsberry, and Rocket with neutral employment references to potential employers, limiting their reference to dates of employment and positions held. Lakeshore may also verify salary information if requested by potential employers.

## ANTI-DISCRIMINATION AND COMPLAINT INVESTIGATION POLICY

9.     Lakeshore shall amend its a written policy against employment discrimination and harassment ("Anti-Discrimination Policy"), as necessary to be consistent with the provisions of this Decree, within fourteen (14) days after the approval and entry of this Decree, and shall maintain such Anti-Discrimination policy for the duration of this Decree. No later than 14 days after the entry of this Decree, Lakeshore shall notify all of its employees of the Anti-Discrimination

Page 3

Policy by posting the Notice appended as Exhibit B and shall make copies of the Anti-Discrimination Policy available to all current employees. Lakeshore shall provide copies of the Anti-Discrimination policy to all new employees at the time that they are hired and, as part of any onboarding process, a manager shall specifically emphasize the Anti-Discrimination policy and make clear that Lakeshore takes complaints of harassment seriously. The Anti-Discrimination Policy must, at a minimum.

  a. Specifically prohibit all discrimination and harassment made unlawful by Title VII;

  b. Inform employees that they are entitled to make complaints or reports of unlawful employment discrimination, including harassment to Lakeshore and to the EEOC;

  c. Identify Peter Goldman and Stacey Coleman, or their replacements designated according to paragraph 17, as the employees with the responsibilities and training as described in paragraphs 12 and 15-18 of this Decree;

  d. Inform employees that Lakeshore will investigate thoroughly and promptly all such complaints or reports in good faith and provide that employees, including management employees, who violate the Anti-Discrimination Policy are subject to discipline up to and including discharge;

  e. Affirmatively state that employees will not be subject to retaliation if they bring a complaint or report in good faith or participate in an investigation. The Anti-Discrimination Policy will not suggest or state that only workers who make "valid" or similar complaints are protected from retaliation;

82007989.v4

f. Affirmatively state that Lakeshore will protect the complaining employee's confidentiality to the extent possible; and

g. Require that managers and other employees with supervisory responsibility who observe harassing or discriminatory behavior or become aware of a harassment or discrimination complaint have a duty to report such observations or complaints to the employees described in paragraph 8(c).

10. Within fourteen (14) days after the approval and entry of this Decree, Lakeshore shall develop and maintain a policy regarding internal investigations ("Complaint Investigation Policy") of all complaints or reports concerning alleged sex discrimination, harassment, and/or retaliation. Within 14 days of entry of the Decree, Lakeshore will notify its employees about the Complaint Investigation Policy by including such information in the Notice appended as Exhibit B, shall make the Complaint Investigation Policy available to all current employees, and shall provide a copy of the Policy to all new employees at the time that they are hired. Lakeshore's Complaint Investigation Policy, at a minimum, must require that Lakeshore:

a. Make all reasonable efforts to fully investigate all complaints of harassment, retaliation, and/or discrimination within fourteen (14) days of the date of the allegation;

b. Interview all material witnesses in person;

c. Photograph or otherwise preserve all relevant evidence in a manner that will facilitate further forensic investigation;

d. Prepare written findings of the results of each investigation; and

e. Communicate the findings of the investigation to the alleged victim of discrimination.

11.     Following any investigation, Lakeshore shall review the process and discuss how well any employee with supervisory responsibility complied with Lakeshore's policies against harassment and discrimination and how well the supervisor responded when he or she received a harassment or retaliation complaint and provide further training as appropriate if the supervisor fails to comply with Lakeshore's policies against harassment and discrimination.

## HARASSMENT/ANTI-DISCRIMINATION TRAINING

12.     No later than ninety (90) days after approval and entry of this Decree, and once during each additional year that the decree is in effect, Lakeshore shall have all of its managerial staff and human resources trained in person by an experienced outside consultant or via a training video program provided by Kantola with an in-person discussion of the issues raised in the training. The discussion shall be led by Peter Goldman or Stacey Coleman, as the employees designated as the recipients of complaints in paragraph 8(c), or their replacements designated according to paragraph 17. At a minimum, the training must provide:

        a.  Education on the laws pertaining to employment discrimination and harassment, specifically sex harassment and retaliation;

        b.  Examples of conduct which constitute discrimination;

        c.  Information to employees regarding appropriate responses to complaints of discrimination;

        d.  An explanation of the rights and responsibilities of management and non-management employees; and

        e.  Tools for bystander intervention.

13.     Lakeshore shall inform its employees in person, during a regularly scheduled staff meeting for each department, and including managerial staff and human resources, about Lakeshore's Anti-Discrimination policies and procedures. A manager shall personally convey

Page 6

82007989.v4

during these meetings that Lakeshore takes complaints of sexual harassment seriously, and that Lakeshore will investigate any claim of sexual harassment consistent with Lakeshore's policies and procedures.

14.     No later than fourteen (14) days after each training session described in paragraph 12 takes place, Lakeshore shall certify to the EEOC in writing that the required training session has taken place and the required personnel have attended. Every certification of training described in this paragraph must include:

a.  the date, location, and duration of the training;

b.  a copy of the registry of attendance, which shall include the name and position of each person trained;

c.  a current list by name and position of all the employees subject to the training requirement; and

d.  copies of any and all pamphlets, brochures, outlines, or other written materials provided or displayed to the personnel attending each training session, if not already provided to the EEOC.

## COMPLAINT INVESTIGATION TRAINING

15.     Lakeshore shall designate two employees who will have the responsibility to investigate independently and confidentially any and all complaints of harassment or discrimination reported to Lakeshore. These employees shall also be responsible for determining and implementing the appropriate disciplinary or corrective action to take to resolve a complaint of sex harassment or discrimination; and maintaining detailed written records of all complaints of sex harassment or discrimination, the investigation of such complaints, and the resolution of such complaints.

Page 7

16.     No later than sixty (60) days after approval and entry of this Decree, the employees designated in paragraph 15, above, in addition to the training described in the Harassment/Anti-Discrimination Training section, above, shall be given intensive training on human resources topics as they relate to taking complaints and conducting workplace investigations by an outside/independent trainer(s). Defendant proposes either Cotler Law LLC or the EEOC through its on-site training program will conduct this training. EEOC does not object to Defendant's proposed trainers.

17.     In the event that the employees designated in paragraph 15 are no longer able to serve in the role described in paragraph 15 Lakeshore shall have fourteen (14) days from the date it is notified that the employee will be unavailable to continue his/her duties for the duration of the Consent Decree to identify to EEOC by name, address, and telephone number a new employee.

18.     Lakeshore's alternate employee described in paragraph 17 shall be trained on conducting workplace investigations by an outside/independent trainer(s) within twenty-eight (28) days unless such alternate employee has received such training in the year immediately preceding being named as an alternate.

POSTING OF NOTICE

19.     Within seven (7) days after approval and entry of this Decree, Lakeshore shall post same-size copies printed on colored paper of the notice attached as Exhibit B to this Decree in a conspicuous but non-public location in such as Lakeshore's time clock, break rooms, kitchen areas, or in any other location that Lakeshore regularly uses for posting legal notices concerning employee rights. The Notice must remain posted in this manner for the duration of the decree. Lakeshore shall take all reasonable steps to ensure that the posted Notice is not removed, altered, defaced, or covered by any other material. Lakeshore shall permit a representative of the EEOC to

Page 8

82007989.v4

enter Lakeshore's premises for purposes of verifying compliance with this paragraph at any time during normal business hours without prior notice.

20.     Within seven (7) days after approval and entry of this Decree, Lakeshore shall certify to EEOC in writing that the Notice has been properly posted in accordance with paragraph 19.

## RECORD KEEPING

21.     For the duration of this Decree, Lakeshore shall maintain records of each complaint or report (whether written or oral) of sex discrimination, harassment, or retaliation prohibited by the Decree. For each such complaint or report, the above-noted records shall include:

> a.   The name of the complaining or reporting person (including social security number, address, and telephone number, if available);
>
> b.   The date of the complaint or report;
>
> c.   A written description of what was alleged in the complaint or report;
>
> d.   The names of any witnesses;
>
> e.   All notes of interview
>
> f.   A written description of the resolution or outcome of the complaint or report, including a description of what action, if any, Lakeshore took, and the names and positions of all employees who were involved in any such actions take; and
>
> g.   If the complaint or report was made in written form, a copy thereof.

22.     Lakeshore shall make all documents or records referred to in paragraph 21 available electronically within fourteen (14) days after the EEOC so requests. In addition, Lakeshore shall require personnel within its employ whom the EEOC requests for purposes of verifying compliance with this Decree to cooperate with the EEOC and be interviewed.

82007989.v4

## REPORTING

23.　Lakeshore shall furnish to the EEOC the following written reports semi-annually for the duration of the Decree. The first report shall be due six (6) months after entry of the Consent Decree. Subsequent semiannual reports shall be due every six (6) months thereafter, except that the final report shall be due forty-seven (47) months after entry of the Decree. Each such report must contain (as applicable):

      a.　The records maintained by Lakeshore, as required by paragraph 21, above, for each complaint or report of sex discrimination or harassment; or retaliation received during the six (6) month period preceding the report.

      b.　A certification by Lakeshore that the Notice required to be posted in paragraph 19, remained posted during the entire six (6) months preceding the report.

      c.　A certification that all Training has been provided as required in paragraphs 12 and 16.

## DISPUTE RESOLUTION

24.　If during the term of this Decree any party to this Decree believes that the other party has failed to comply with any provision(s) of the Decree, the complaining party shall notify the other parties of the alleged non-compliance and shall afford the alleged non-complying party fourteen (14) days to remedy the non-compliance or to satisfy the complaining party that the alleged non-complying party has complied. If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within fourteen (14) days, the complaining party may apply to the Court for appropriate relief.

## DURATION OF THE DECREE AND RETENTION OF JURISDICTION

25.　All provisions of this Decree shall be in effect (and the Court will retain jurisdiction of this matter to enforce this Decree) for a period of four (4) years immediately following the

Page 10

approval and entry of the Decree, provided, however, that if, at the end of the four (4) year period, any disputes under paragraph 24, above, remain unresolved, the term of the decree shall be automatically extended (and the Court will retain jurisdiction of this matter to enforce the Decree) until such time as all disputes have been resolved.

MISCELLANEOUS PROVISIONS

26. Each party to this Decree shall bear its own expenses, attorneys' fees, and costs.

27. The terms of this Consent Decree shall be binding upon Lakeshore and its successors and assigns. Defendant Lakeshore, and any successor(s) of Defendant, shall provide a copy of this Decree to any organization or person who acquires or merges with Defendant, or any successor of Defendant, prior to the effectiveness of any such acquisition or merger. Lakeshore shall comply with all injunctive provisions of this Decree.

28. The service of any notices, reports, or certificates to be given to the parties under this Consent Decree will be deemed sufficient, and effective upon mailing, if emailed and sent by first-class mail to:

**Counsel for EEOC:**

**Before May 20. 2019**

Jeanne Szromba
Jonathan Delozano
Trial Attorneys
U.S. Equal Employment
Opportunity Commission
500 West Madison Street, Suite 2000
Chicago, IL 60661
Jeanne.Szromba@eeoc.gov
Jonathan.Delozano@eeoc.gov

**After May 20, 2019**

Jeanne Szromba
Jonathan Delozano
Trial Attorneys

Page 11

U.S. Equal Employment
Opportunity Commission
230 S. Dearborn St. Ste. 2980
Chicago, IL 60604
Jeanne.Szromba@eeoc.gov
Jonathan.Delozano@eeoc.gov

**Counsel for Lakeshore**

Marc C. Smith
Fox Rothschild LLP
353 N. Clark St., Suite 3650
Chicago, IL 60654
mcsmith@foxrothschild.com

With a copy to Peter Goldman
1320 W. Fullerton
Chicago, IL 60614
pg@lakeshoresf.com

By advance agreement of the parties, prior to each submission, materials may alternatively be submitted by electronic mail.

29. Whenever possible, each provision and term of this Consent Decree shall be interpreted in such a manner as to be valid and enforceable; provided, however, that in the event any provision or term of this Consent Decree should be determined to be or rendered invalid or unenforceable (by an Act of Congress or otherwise), all other provisions and terms of this Consent Decree and the application thereof to all persons and circumstances subject thereto shall remain unaffected to the extent permitted by law.

30. When this Decree requires certification by Lakeshore of any fact(s), such certification shall be made under oath or penalty of perjury by an officer or management employee of Lakeshore to the best of such officer or management employee's knowledge, information, and belief.

82007989.v4

**SO ORDERED, ADJUDGED, and DECREED on this _____ day of _____ 2019.**

**By the Court:**

_____

The Hon. Jeffrey T. Gilbert
United States District Magistrate Judge

82007989.v4

**AGREED TO IN FORM AND CONTENT:**

**FOR PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

Gregory Gochanour
Regional Attorney

Deborah Hamilton
Supervisory Trial Attorney

Jeanne Szromba
Trial Attorney

Jonathan Delozano
Trial Attorney

Equal Employment Opportunity Commission
500 W. Madison St. Ste. 2000
Chicago IL 60661

**FOR DEFENDANT LHC OPERATING LLC D/B/A LAKESHORE SPORT AND FITNESS**

By Its Manager

82007989.v4

## EXHIBIT A

### RELEASE AGREEMENT

In consideration of $\_\_ to be paid to me by LHC Operating LLC d/b/a Lakeshore, in connection with the resolution of *EEOC v. LHC Operating LLC*, No. 17-cv-6803 (N.D. Ill.), I waive my right to recover for any claims of sex harassment arising under Title VII of the Civil Rights Act of 1964 that I had against Lakeshore on or before the date of this release and that were included in the claims in EEOC's complaint in *EEOC v. LHC Operating LLC*.

Signed:

_____        Date: _____

Mailing Address

_____
_____
_____

## EXHIBIT B

## NOTICE TO EMPLOYEES

This notice is posted pursuant to a Consent Decree resolving a lawsuit brought by the U.S. Equal Employment Opportunity Commission (www.eeoc.gov), against LHC Operating LLC ("Lakeshore")

The EEOC is the United States agency responsible for investigating and eliminating employment discrimination, including discrimination based on national origin and retaliation.

The EEOC alleged that Lakeshore discriminated against group of former employees because of their sex by subjecting them to sexual harassment. Lakeshore denied all allegations by the EEOC. The parties agreed to resolve the matter without admitting any claim or defense of the other party. The Consent Decree resolving this lawsuit provides:

1. Lakeshore will not discriminate or harass any employee on the basis of sex;
2. Lakeshore will not retaliate against any person because (s)he opposed any practice made unlawful by Title VII, filed a charge of discrimination, participated in any Title VII proceeding, or asserted any rights under the Consent Decree;
3. Lakeshore will maintain and make available to all employees a policy against sex discrimination and will train all its employees regarding laws prohibiting sex discrimination and harassment;
4. Lakeshore's policy will identify the names, phone numbers, and email addresses of individuals available to receive complaints; and
5. Lakeshore will report all complaints of sex discrimination to EEOC.

Lakeshore's Employee Handbook sets forth its policies against discrimination, harassment, and retaliation and its investigation of such complaints. The EEOC enforces federal laws against discrimination in employment on the basis of race, color, religion, national origin, sex, age, or disability. If you believe that you have been discriminated against, you may contact EEOC at (312) 869-8000. The EEOC charges no fees and has employees that speak Spanish and other languages other than English. To find more information on filing a charge, look here:

https://www.eeoc.gov/employees/howtofile.cfm

### THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE

**This Notice must remain posted for four (4) years from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to: Lakeshore Settlement, EEOC, 500 West Madison Street, Suite 2000, Chicago, IL 60661**

Date 5/9/19

Magistrate Judge Jeffrey T Gilbert
United States District Court

82007989.v4